**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Nicholas Estevan Moreno,<br><br>Defendant. | No. CR-18-00657-001-TUC-CKJ (LCK)<br><br>**ORDER** |

Before the Court is Defendant Nicholas Estevan Moreno's Motion to Early Terminate Supervised Release. (Doc. 37) The Government has filed its Response To Defendant's Motion for Early Termination of Supervised Release stating that it has no position regarding Defendant's early release and that it concurs with defense counsel's analysis. (Doc. 38) The Court has reviewed and considered Defendant's Motion as well as input from his supervising probation officer. For the reasons stated below, the Court denies Defendant's request for early termination of supervised release.

## BACKGROUND AND PROCEDURAL HISTORY

On March 23, 2018, Defendant was arrested and detained on charges of assaulting a Pascua Yaqui police officer. (Doc. 28 at 3) Earlier that day, officers had responded to reports of shots fired and encountered Defendant. *Id.* An officer had observed a vehicle, later determined to be driven by Defendant, coming out of a parking lot without its lights on. *Id.* The officer reported bullets whizzing by him and observed the driver of the vehicle

pointing a gun at him. *Id.* The driver continued driving at a high rate of speed and nearly struck two patrol cars. *Id.* The vehicle ultimately collided with a wire connected to a pole across the street, causing damage to the pole. *Id.* The driver exited the vehicle and fled into the desert. *Id.* Defendant was ultimately apprehended at a nearby convenience store. *Id.* In his possession was a 9mm handgun and three live bullets in his pants pocket. *Id.* The handgun had one live round in the chamber and an empty magazine. *Id.* Defendant exhibited signs of intoxication and indicated he has been at the Casino of the Sun and was walking home. *Id.* Despite Defendant's young age, he had previously been convicted of felony endangerment and multiple incidents of driving under the influence. *Id.* at 4-8.

On September 25, 2018, Defendant pleaded guilty to one count of possession of ammunition by convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 22 at 2) On December 4, 2018, he was sentenced by this Court to fifteen months incarceration followed by three years of supervised release. On November 2, 2021, Defendant filed his Motion [for] Early Terminat[ion] of Supervised Release (Doc. 37), and on November 23, 2021, the Government filed its Response to Defendant's Motion for Early Termination of Supervised Release. On November 19, 2021, the Probation Office for the District of Arizona issued a memorandum recommending that Defendant's request for early termination of supervised release be denied. This Order follows.

## LEGAL STANDARD

A district court possesses "broad discretion" in determining whether to grant a defendant's motion for early termination of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *Id.* "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* (citation and internal quotation marks omitted). "The expansive phrases conduct of the defendant and interest of justice make clear that a district court enjoys discretion to consider a wide

range of circumstances when determining whether to grant early termination." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

Defendant is twenty-seven years old and has served thirty months of his thirty-six-month term of supervised release. Defendant asks the Court to terminate his term of supervised release early because he has been fully compliant with the terms of his supervision, he has found gainful employment, and he has attended individual therapy sessions since his release from prison. (Doc. 37 at 1-2) However, the Court notes that Defendant has not been compliant with the terms of his supervised release, as it held a status conference on February 10, 2020, to address Defendant's continued use of marijuana and his pattern of providing diluted urine specimens to probation. Additionally, Defendant's probation officer has recommended that the Court deny Defendant's request for early termination due to a Pima County Superior Court matter[1] involving an interlock device on Defendant's vehicle. Due to the one-year timeframe of the interlock device program, Defendant's driver's license has not yet been fully reinstated.

The Court finds that Defendant's conduct does not warrant early termination of supervised release. Defendant's conviction is very serious and supervised release is an important part of his sentence. Defendant also has a lengthy and serious criminal history involving driving under the influence, and he was recently reprimanded for violating the terms of his probation. The Court concludes that these factors, coupled with the Probation Office's recommendation, support denying Defendant's request for early termination of supervised release.

---

[1] Arizona v. Moreno, 2016-CR-5504.

**IT IS ORDERED:**

1. Defendant's Motion [for] Early Terminat[ion] of Supervised Release (Doc. 37) is DENIED.

2. The Clerk of Court shall docket the U.S. Probation Office's memorandum UNDER SEAL and provide a copy of the memorandum to counsel via mail.

3. It is not necessary to file this Order under seal.

Dated this 29th day of November, 2021.

Honorable Cindy K. Jorgenson
United States District Judge